

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| RITA R. CASTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| vs. | ) | |
| | ) | |
| SAINT FRANCIS HEALTH SYSTEM, INC. | ) | |
| | ) | CJ-2014-02359 |
| Defendant. | ) | |
| | ) | |

**DISTRICT COURT FILED JUN 1 8 2014 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY**

ATTORNEY LIEN CLAIMED

E. MARK BARCUS

### PETITION

COMES NOW the Plaintiff, Rita Castle, through her attorneys of record, bring this action against the Defendant, Saint Francis Health System, Inc., for violations of her constitutionally protected rights arising out of her employment and terminations by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Tulsa County, Oklahoma.

2. Defendant is a corporation regularly doing business in Tulsa County, Oklahoma and employs more than fifteen employees.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County.

4. This Court has jurisdiction and venue is proper in Tulsa County.

5. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

6. Punitive damages are sought pursuant to 42 U.S.C. § 1981.




EXHIBIT 1

7.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq*

## FACTS COMMON TO ALL CLAIMS

8.  Plaintiff is an African-American female.

9.  Plaintiff was an employee of Defendant for twenty-four years.

10. At the time of her termination in June of 2013, Plaintiff worked as a Certified Surgical Technologist.

11. Plaintiff was the only African American employee working in surgery.

12. Since the beginning of her employment, Plaintiff heard racial comments and jokes, and was subjected to derogatory racial comments by various coworkers and even doctors. More recently, in 2012-2013, Plaintiff experienced derogatory racial comments from Dr. Howard and other doctors.

13. In 1994 Sue Banschbach was executive director of surgery services and remains in that position to date. In 1994, Chance Beeman, a Caucasian coworker of Plaintiff's, balled his fists and verbally threatened Plaintiff that he was going to "kick her black ass." Additionally, Chance Beeman refused to sit by Plaintiff at lunch and said "ewwww I can't sit by you because I might loose my appetite" because he did not want to sit by an African American person. Plaintiff complained to her supervisor, Sue Banschbach, but Ms. Banschbach basically did nothing. The only action Ms. Banschbach took was to direct Chance Beeman to apologize to the Plaintiff. Chance Beeman begrudgingly and sarcastically apologized but continued to work with the Plaintiff.

14. Unsatisfied with Sue Banschbach's complete lack of response, Plaintiff filed with the Oklahoma Human Rights Commission. Eventually, as a result of this complaint, Chance Beeman's employment was terminated.

2

15.     Throughout the years of her employment, Plaintiff experienced racial hostility in the form of disparaging comments and jokes but continued to work in her position because she enjoyed the work she was doing.

16.     Additionally, Plaintiff was singled out, primarily by her supervisor Michelle Conover, and told to "be productive," while her Caucasian coworkers were left alone to stand around and talk to each other.

17.     Although Plaintiff had over two decades of impeccable work history and performance, when Michelle Conover (Caucasian) became Plaintiff's supervisor, Ms. Conover told the Plaintiff that she would find reasons to write-up the Plaintiff. Ms. Conover remained true to her word and began singling the Plaintiff out alleging that she had committed various policy violations. However, Plaintiff is aware of numerous similarly situated Caucasian coworkers who committed even more egregious violations yet were not disciplined. Plaintiff believes she was disciplined because of her race. For example, Plaintiff is aware of a Caucasian coworker, Andrea Rayburg, who repeatedly used unsterile towels for surgical procedures. Michelle Conover was aware of this violation yet did not discipline Ms. Rayburg.

18.     Additionally, Plaintiff was forced to perform more tasks and do more work than her similarly situated Caucasian coworkers. Plaintiff believes she was required to perform more work because of her race.

19.     Plaintiff believes the following similarly situated Caucasian coworkers have committed violations with no rebuke and were allowed to perform less work than Plaintiff: Kathleen Henry, Linda Paupe, Sue Willis, and Linda Mindeman.

3

20. Plaintiff complained on multiple occasions about the disparate treatment and racially hostile environment. In one instance she complained using the Employee Grievance procedure. Plaintiff's grievance was that discipline was unfairly and discriminatorily administered to her. The Defendant informed her that according to Ms. Banschbach's investigation, Plaintiff's grievance was unsubstantiated. Ms. Banschbach is the same person who was executive director of surgery services when Plaintiff complained about Chance Beeman to no avail.

21. Plaintiff also suffered a work-related injury to lower back in November of 2011. As a result of her injury, Plaintiff began a workers compensation case against the Defendant. The workers compensation case was pending through October of 2013.

22. After Plaintiff had complained about racial discrimination and after she began her workers compensation claim, the Defendant terminated Plaintiff's employment. Plaintiff was terminated because of her race and in retaliation for complaining about racial discrimination. Additionally, because Plaintiff had an active workers compensation claim at the time of her termination, she also believes she was terminated in retaliation for exercising her rights under the workers compensation act.

23. Plaintiff was informed that her employment was being terminated allegedly for performance deficiencies. However, Plaintiff has been a certified technician for over twenty years and has consistently performed her job well. Furthermore, the write-ups for alleged performance evaluations did not accumulate until Michelle Conover became Plaintiff's supervisor. Thus, Defendant's asserted grounds for termination are purely pretextual. Plaintiff was terminated in retaliation for exercising her rights under the workers compensation act and Title VII, and because of her race.

4

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

24. Plaintiff incorporates the preceding paragraphs as if realleged.

25. By terminating the Plaintiff and treating her differently than similarly situated Caucasian employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

26. Plaintiff incorporates the preceding paragraphs as if realleged.

27. By terminating the Plaintiff and treating her differently than similarly situated Caucasian employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### HOSTILE WORK ENVIRONMENT (TITLE VII)

28. Plaintiff incorporates the preceding paragraphs as if realleged.

29. The conduct and attitude of Plaintiff's supervisors and coworkers toward Plaintiff combined with their disparaging remarks regarding Plaintiff's race were so severe and pervasive that they altered the conditions of employment and created a hostile working environment.

30. By subjecting Plaintiff to a hostile work environment and failing to ensure a non-hostile work environment and ultimately terminating her employment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### RETALIATION (TITLE VII)

31. Plaintiff incorporates the preceding paragraphs as if realleged.

32. Plaintiff complained about the disparity in treatment and hostile work environment based upon her race.

6

33. By terminating Plaintiff's employment in retaliation for her complaints regarding the unfair treatment and hostile work environment based upon race, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF
### RETALIATORY DISCHARGE IN VIOLATION OF OKLA. STAT. TIT. 85, §341

34. While employed with the Defendant, Plaintiff sustained work-related injuries arising out of and in the scope of her employment. After the Plaintiff began her workers compensation claim, Defendant terminated the Plaintiff's employment.

35. Plaintiff was discharged in retaliation for filing a workers' compensation claim.

36. These acts of retaliatory discharge violate the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, §341.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

7

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates the preceding paragraphs as if realleged.

38. The Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

39. The Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

    d. Her attorney fees and the costs and expenses of this action;

    e. Such other relief as the Court deems just and equitable

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
SMOLEN & SMOLEN, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*